# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

| | |
|---|---|
| MABEL L. HEREDIA,<br>on behalf of herself and<br>all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| CAPITAL MANAGEMENT<br>SERVICES, L.P., | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Mabel L. Heredia brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Capital Management Services, LP.  Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7.      Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

8.      Venue is proper in this District because:

    a.      Defendants do business in this District;

    b.      Defendants' collection correspondence was sent to plaintiff from this District;

    c.      Defendant Capital Management Services, LP, files numerous lawsuits against consumers in this District;

## PARTIES

9.      At all relevant times, plaintiff Mabel L. Heredia was a citizen of, and resided in Appleton, Wisconsin.

10.     Defendant Capital Management Services, LP, is a limited partnership entity chartered under the law of Delaware with its principal offices at 6981 1/2 South Ogden Street, Buffalo, New York, 14206.   It does or transacts business in Wisconsin.

2

11.     Defendant Capital Management Services, LP operates a collection agency.

12.     Defendant Capital Management Services, LP uses the mails and telephones to collect debts originally owed to other entities.

13.     Capital Management Services, LP is a "debt collector" as defined in the FDCPA.

## FACTS

14.     Defendant has been attempting to collect an alleged credit card debt from plaintiff which was incurred, if at all, for personal, family or household purposes.

15.     On October 5, 2016, Capital Management Services, LP, acting on behalf of Discover Bank sent plaintiff a letter seeking to collect the alleged debt. A true and correct copy of the letter is attached hereto as Exhibit A.

16.     The letter states that the balance due as of October 5, 2016 was $1,892.43.

17.     On November 11, 2016, Capital Management Services, LP, acting on behalf of Discover Bank sent plaintiff a letter seeking to collect the alleged debt. A true and correct copy of the letter is attached hereto as Exhibit B.

18.     Exhibit B states that the balance due as of November 11, 2016 was $1,892.43.

19.     Exhibit B offers several settlement offers:

A.      29% reduction of your present balance to the amount pf $1,1343.63, if paid in full on or before 11/30/2016.  (A savings of: $548.80)

B.      24% reduction of your present balance to the amount of $1438.25.  The first payment of $719.13 or more is due on or before 11/30/2016.  The second and final payment of $719.12 or more is due on or before 12/30/2016.  (A savings of: $454.18)

C.      19% reduction of your present balance to the amount of $1,532.87.  The first payment of $510.96 or more is due on or before 11/30/2016.  The second payment of $510.96 or more is due on or before 12/30/2016.  The third and final payment of $510.95 or more is due on or before 01/30/2017.  (A savings of: $359.56)

3

20.     Exhibit B also states:

> Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099 form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax advisor of your choosing.

21.     On December 7, 2016, Capital Management Services, LP, acting on behalf of Discover Bank sent plaintiff a letter seeking to collect the alleged debt. A true and correct copy of the letter is attached hereto as Exhibit C.

22.     Exhibit C states that the balance due as of December 7, 2016 was $1,892.43.

23.     Exhibit C offers to settle the alleged debt for a lump sum of $1,154.38, if paid on or before 12/21/2016.

24.     Exhibit C also states:

> Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099 form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax advisor of your choosing.

25.     On February 15, 2017, plaintiff filed a Chapter 7. (This claim was disclosed and exempted).

26.     Plaintiff had been in financial distress and insolvent during the fourth quarter of 2016, when the letters at issue were sent. Plaintiff listed a December 2016 collection lawsuit and many collection agencies on her Chapter 7.

**VIOLATION ALLEGED**

27.     The Internal Revenue Code, 26 U.S.C. §6050P, and Treasury Regulations, 26 C.F.R. §1.6050P-1 requires reporting of certain discharges of indebtedness.

28.     Reporting is not required:

4

a.      Of the discharge of indebtedness that is interest or other non-principal amounts, 26 C.F.R. §§1.6050P-1(d)(2) and (3);

b.      Of the discharge of principal not exceeding $600;

c.      Of debt discharged in bankruptcy.

29.      Furthermore, even if the discharge of indebtedness has to be reported, there are substantial exceptions to the tax consequences of the discharge of indebtedness, namely the receipt of income from the discharge of indebtedness.

30.      No taxable income results from the discharge of indebtedness if:

a.      The debtor is bankrupt;

b.      The debtor is insolvent, even if no Chapter 11 proceeding has been filed;

b.      The debt is disputed.

31.      Many or most persons who are unable to pay credit card and similar personal debts are insolvent and will not realize income from the discharge of such debts.  In many cases, no 1099C is required because they filed bankruptcy or the amount of principal discharged is under $600.  If a consumer is insolvent but has not filed bankruptcy the "tax consequences" consists of filing a form so stating.

32.      On information and belief, a substantial portion of the debt described in Exhibit C – well in excess of $600 –  consists of interest, late fees, and other non-principal amounts.

33.      In addition, because plaintiff had been insolvent and eventually filed bankruptcy, there would be no reporting required and no income.

34.      Referring to tax consequences in a collection letter without mentioning the exceptions to tax consequences that are likely to apply to many or most recipients of the letter is

5

intimidating and misleading, suggesting to the unsophisticated consumer that failure to pay the debt will give rise to problems with the Internal Revenue Service.

35.    Exhibits B-C misleads the unsophisticated consumer by implying that:

     a.    Unless the consumer pays the entire amount that the defendant alleges is owed on the alleged debt, the consumer could be reported to the IRS.

     b.    Unless the consumer pays the entire amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the unpaid balance.

36.    Defendant voluntarily choose to give the tax advice found in Exhibits B-C . No law or regulation obligates defendants to include the statements complained of in the collection letters.

## COUNT I – FDCPA

37.    Plaintiff incorporates paragraphs 1-36.

38.    Defendant violates 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by representing in Exhibits B- C that:

> Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099 form.  We cannot provide you with tax advice.  If you have any questions, Discover encourages you to consult a tax advisor of your choosing.

39.    Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. *Kaff v. Nationwide Credit, Inc*., 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs., Inc.,* 08cv5546, 2009 WL 839073, at \*4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc.,* 55 F. Supp. 3d 742 (E.D. Pa. 2014); *Kuehn v. Cadle Co.*, 5:04cv432, 2007 WL 1064306 (M.D.Fla., April 6, 2007), aff'd 335 Fed. Appx. 827 (11th Cir. 2009).

## CLASS ALLEGATIONS

40.      Plaintiff seeks to represent a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

41.      The class includes (a) all individuals with Wisconsin addresses (b) to whom Capital Management Services, LP sent a letter offering a settlement (c) which letter referred to tax consequences or 1099C filing, (d) where the letter was sent on or after one year prior to the date this complaint was filed and on or before 21 days after the date this complaint was filed.

42.      On information and belief, the class contains at least 40 members, making joinder of all members impracticable.

43.      There are questions of law and fact common to members of the class, which questions predominate over any individualized questions. The common and predominant question is whether defendant's statements regarding IRS reporting and tax consequences are false or misleading.

44.      Plaintiff's claim is typical of the claims of the class members, as it is based on the same facts and legal theories as claims held by class members.

45.      Plaintiff will fairly and adequately represent the class members. Plaintiff has the same interests in pursuing relief for defendants' illegal conduct as class members have, and has no claims antagonistic to class' members claims. Plaintiff has retained counsel experienced in class actions and FDCPA litigation who can and will vigorously prosecute the litigation.

46.      A class action is superior to other claim resolution methods, because individual actions (on the same facts and law) are not economically feasible, members of the classes are likely to be unaware of their rights, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

7

WHEREFORE, the Court should enter judgment for plaintiff and the class members and

  i.  statutory damages,

  ii.  attorney's fees, litigation expenses and costs of suit, and

  iii.  all other proper relief.


    s/ Daniel A. Edelman
    Daniel A. Edelman (IL Bar #00712094)
    Francis R. Greene (IL Bar # 6272313)
    Attorneys for Plaintiff
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    20 South Clark Street, Suite 1500
    Chicago, IL 60603-1824
    Telephone: (312) 739-4200
    Facsimile: (312) 419-0379
    Email address for service:  courtecl@edcombs.com

    Heather B. Jones  (WI Bar # 1102133)
    Philip D. Stern (NJ Bar # 045921984)
    Andrew T. Thomasson (NJ Bar #048362011)
    Attorneys for Plaintiff
    STERN • THOMASSON LLP
    150 Morris Avenue, 2nd Floor
    Springfield, NJ 07081-1329
    Telephone: (973) 379-7500
    Facsimile: (973) 532-5868
    E-Mail: heather@sternthomasson.com

8

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to her. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of defendants.

s/ Daniel A. Edelman
Daniel A. Edelman

10