**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

MABEL L. HEREDIA, individually and on
behalf of all others similarly situated,

Plaintiff,

<em>vs.</em>          Case No. 1:17-cv-00284-WCG

CAPITAL MANAGEMENT SERVICES, L.P.,

Defendant.

---

**DECLARATION OF ANDREW T. THOMASSON IN SUPPORT OF**
**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF**
**CLASS SETTLEMENT AGREEMENT**

---

I, Andrew T. Thomasson, of full age, hereby declare as follows:

1.      I am an attorney at law of the State of New Jersey and I am admitted to practice before the bar of this Court. My law firm, Stern•Thomasson LLP, is counsel for Plaintiff, Mabel L. Heredia, and the Certified Class. I submit this Declaration in support of Plaintiff's Unopposed Motion for Final Approval of the Parties' Class Settlement Agreement. I am familiar with all the facts set forth herein and state them to be true based upon my own personal knowledge.

2.      Stern•Thomasson LLP was formed on July 1, 2015, when Philip D. Stern, Esq. and I merged our respective solo consumer law practices. The newly formed law firm's principal area of practice remains focused on representing plaintiffs in class action litigation involving various state and federal consumer protection statutes. In that regard, Stern•Thomasson LLP consists of five attorneys including Philip D. Stern, Andrew T. Thomasson, Francis R. Greene, Katelyn B. Busby, and our professional experience is set forth below.

## PROFESSIONAL EXPERIENCE AND QUALIFICATIONS

3. **Andrew T. Thomasson.** I received my bachelor's degree from Arkansas State University and my law degree from Thomas Jefferson School of Law in San Diego, California. I was admitted to practice law in the State of New Jersey in 2013. I am also admitted to practice law before the United States Courts of Appeal for the Second, Third, Fourth, Fifth, Sixth, and Seventh Circuits, as well as the following United States District Courts: District of New Jersey; Northern District of Florida; Eastern and Western Districts of Michigan; District of Colorado; Northern, Southern, and Western Districts of Texas; Northern and Central Districts of Illinois; and the Eastern and Western Districts of Wisconsin.

I have always remained a member in good standing and my license to practice law has never been suspended or revoked by the State of New Jersey or any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction. I have never been the subject of an ethics complaint or sued on a malpractice claim, charged with violating Fed. R. Civ. P. 11, and I am Peer-Reviewed by Martindale-Hubbell.

From 2009 and continuing until 2013 when I was admitted to practice, I was employed as a law clerk at the Law Office of William F. Horn in Fresh Meadows, New York and, upon my admission to practice law I became counsel to the firm. In that regard, I worked on a variety of complex consumer class action cases including, but not limited to, all aspects of the following successful class actions in which William F. Horn was certified as class counsel: *Anderson v. Nationwide Credit, Inc.*, E.D.N.Y. Case No. 2:08-cv-01016; *Harrigan v. Receivables Performance Management, LLC*, N.D.N.Y. Case No. 8:09-cv-01351; *Gravina v. United Collection Bureau, Inc.*, E.D.N.Y. Case No. 2:09-cv-04816; *Gravina v. National Enterprise Systems, Inc.*, E.D.N.Y. Case No. 2:09-cv-02942; *Anderson v. Nationwide Credit, Inc.*, E.D.N.Y.

Case No. 2:10-cv-03825; *Pawelczak v. Bureau of Collection Recovery, LLC*, N.D. Ill. Case No. 1:11-cv-01415; *Zirogiannis v. Professional Recovery Consultants, Inc.*, E.D.N.Y. Case No. 2:11-cv-00887; *Lagana v. Stephen Einstein & Associates, P.C.*, S.D.N.Y. Case No. 1:10-cv-04456; *Corpac v. Rubin & Rothman, LLC*, E.D.N.Y. Case No. 2:10-cv-04165; *Castellano v. Global Credit & Collection Corporation*, E.D.N.Y. Case No. 2:10-cv-05898; *Cedeno v. Bureau of Collection Recovery, Inc.*, C.D. Cal. Case No. 8:10-cv-01960; *Pawelczak v. Financial Recovery Services, Inc.*, N.D. Ill. Case No. 1:11-cv-02214; *Gravina v. Weltman, Weinberg & Reis, Co., LPA.*, E.D.N.Y. Case No. 2:11-cv-01161; *Krug v. Davis Davis Attorneys, P.C.*, D. NJ. Case No. 1:10-cv-04975; *Zirogiannis v. Mel S. Harris & Associates, LLC*, E.D.N.Y. Case No. 2:12-cv-00680; *Sebrow v. Fulton, Friedman & Gullace, LLP*, E.D.N.Y. Case No. 1:10-cv-05897; *Burton v. Nations Recovery Center, Inc.*, E.D.N.Y. Case No. 1:13-cv-01426; and *Steinmetz v. Shapiro, Dicaro & Barak, LLC*, E.D.N.Y. Case No. 2:12-cv-01646.

Since becoming licensed to practice law, I have been personally certified as class counsel in the following consumer class action lawsuits: *Pascal, et al. v. Steine & Associates, P.C., et al.*, U.S. District Court, E.D.N.Y. Case No. 2:12-cv-04436-JFB-WDW; *Fischer v. NCB Management Services, Inc.*, U.S. District Court, S.D.N.Y. Case No. 7:12-cv-09451-CS; *Freeman v. General Revenue Corporation*, U.S. District Court, E.D.N.Y. Case No. 1:12-cv-01406-RER; *Goldman v. Horizon Financial Management, LLC*, U.S. District Court, S.D.N.Y. Case No. 7:12-cv-07592-LMS; *Dabbas v. Alpha Recovery Corp.*, U.S. District Court, E.D.N.Y. Case No. 1:13-cv-05169-SMG; *Sabri v. E. Hope Greenberg d/b/a Law Office of E. Hope Greenberg*, U.S. District Court, E.D.N.Y. Case No. 1:13-cv-00699-FB-VMS; *Bryan v. National Enterprise Systems, Inc., et al.*, U.S. District Court, E.D.N.Y. Case No. 2:13-cv-03740-LDW-WDW; *Gillman Harris v. Midland Credit Management, Inc.*, U.S. District Court, S.D.N.Y. Case No. 1:13-cv-03125-TPG; *Graff v. United Collection Bureau, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:12-cv-02402-GRB;

*Rice v. National Enterprise Systems, Inc., et al.*, U.S. District Court, E.D.N.Y. Case No. 2:13-cv-05118-LDW-ARL; *Mazzucco, et al. v. Certified Credit & Collection Bureau*, U.S. District Court, D.N.J. Case No. 3:13-cv-07422-TJB; *Kavalin v. AmeriFinancial Solutions, LLC*, U.S. District Court, S.D. Fla. Case No. 0:13-cv-62789-DPG; *Cohen v. M.L. Zager, P.C.*, U.S. District Court, D.N.J. Case No. 2:14-cv-03143-JBC; *Manuel, et al. v. Caliber Home Loans, Inc.*, U.S. District Court, D.N.J. Case No. 2:14-cv-05233-SRC-CLW; *Babcock, et al. v. C.Tech Collections, Inc., et al.*, U.S. District Court, E.D.N.Y. Case No. 1:14-cv-03124-MDG; *Mansour v. Seas & Associates, LLC*, U.S. District Court, D.N.J. Case No. 2:14-cv-02935-SCM; *Avila v. Law Office of Gary M. Feldman, Esq.*, U.S. District Court, E.D.N.Y. Case No. 2:13-cv-07407-GRB; *Dispennett v. Frederick J. Hanna & Associates, P.C.*, U.S. District Court, W.D. Pa. Case No. 2:15-cv-00636-MPK; *Jones v. Delta Management Associates, Inc.*, U.S. District Court, E.D. Wis. Case No. 1:15-cv-00267-WCG; *Zavian v. Client Services, Inc.*, U.S. District Court, D.N.J. Case No. 2:15-cv-0682-SCM; *Kopchak v. United Resourse Systems, et al.*, U.S. District Court, E.D. Pa. Case No. 5:13-cv-05884-MSG; *Kavalin v. AFNI, Inc.*, U.S. District Court, S.D. Fla. Case No. 0:15-cv-60143-BB; *Maldonado, et al. v. Raymond Meisenbacher & Sons, Esqs., P.C., et al.*, U.S. District Court, N.J.D. Case No. 3:15-cv-01845-DEA; *Gamil v. Rubin & Rothman, LLC*, U.S. District Court, E.D.N.Y. Case No. 2:15-cv-00981-ARL; *Wood v. New Century Financial Services, Inc.*, N.J. Superior Court, Docket No. MRS-L-002679-15; *Prendergast v. Certified Credit & Collection Bureau*, U.S. District Court, D.N.J. Case No. 3:15-cv-07411-TJB; *Kielbasinski v. A.R. Resources, Inc.*, U.S. District Court, W.D. Pa. Case No. 3:15-cv-00066-KRG; *Rittle v. Premium Receivables, LLC*, U.S. District Court, M.D. Pa. Case No. 1:15-cv-00166-SHR; *Specht v. Eastern Account System of Connecticut, Inc.*, U.S. District Court, S.D.N.Y. Case No. 7:15-cv-02159-PED; *Gadime v. NRA Group, LLC*, U.S. District Court, E.D.N.Y. Case No. 2:15-cv-04841-SJF-AKT; *Hayes v. Convergent Healthcare Recoveries, Inc.*, U.S. District Court, C.D. Ill.

Case No. 1:14-cv-01467-JES-JEH; *Maldonado, et al. v. Nelson, Watson & Associates, et al.*, U.S. District Court, D.N.J. Case No. 2:15-cv-05940-MAH; *Sandoval v. LVNV Funding LLC, et al.*, U.S. District Court, D.N.J. Case No. 2:15-cv-06728-KM-MAH; *Chung v. CCB Credit Services, Inc.*, U.S. District Court, D.N.J. Case No. 2:15-cv-05198-KM-MAH; *Wood v. Credit Control, LLC*, U.S. District Court, D. Kan. Case No. 6:16-cv-01098-KGG; *Feliciano, et al. v. Forster, Garbus & Garbus*, U.S. District Court, D.N.J. Case No. 2:15-cv-02496-CLW; *Maldonado, et al. v. Law Offices of Faloni & Associates, LLC*, U.S. District Court, D.N.J. Case No. 2:15-cv-02859-CLW; *Dickon v. Rubin & Rothman, LLC*, U.S. District Court, D.N.J. Case No. 2:15-cv-7961-SCM; *Williams v. Pressler and Pressler, LLP*, U.S. District Court, D.N.J. Case No. 2:11-cv-07296-KSH-CLW; *Bell v. Adler Wallach & Associates, Inc., et al.*, U.S. District Court, W.D. Tex. Case No. 5:16-cv-00366-OLG; *Thomas v. ARS National Services, Inc.*, U.S. District Court, D.N.J. Case No. 2:15-cv-03635-JAD; *Ballaj v. Gatestone & Co. International, Inc*., U.S. District Court, D.N.J. Case No. 2:16-cv-01311-CLW; *Bordeaux v. Ltd. Fin. Servs., L.P., et al.*, U.S. District Court, D.N.J. Case No. 2:16-cv-00243-KSH-CLW; *Safranski v. Professional Placement Services, LLC*, U.S. District Court, E.D. Wis. Case No. 1:17-cv-00129-WCG; *Smith v. Simm Associates, Inc.*, U.S. District Court, E.D. Wis. Case No. 1:17-cv-00769-WCG; *Heerema v. AFNI, Inc.*, D.N.J. Case No. 2:16-cv-00244-JBC; *Zirogiannis v. National Recovery Agency, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:14-cv-03954-DRH-AYS; *Heerema, et al. v. Collecto, Inc. et al.*, U.S. District Court, D.N.J. Case No. 2:16-cv-02087-MF; *Steffek, et al. v. Client Services, Inc*. U.S. District Court, E.D. Wis. Case No. 1:18-cv-00160-WCG; *Volkman v. Enhanced Recovery Company, LLC d/b/a ERC*, U.S. District Court, E.D. Wis. Case No. 1:18-cv-00091-WCG; *Ramos, et al. v. Credit Control LLC*, U.S. District Court, E.D.N.Y. Case No. 2:16-cv-04098-JMA-SIL; *Medicine to Go Pharmacies, Inc. v. Macoven Pharmaceuticals LLC, et al*., U.S. District Court, D.N.J. Case No. 2:16-cv-07717-MF;

*Hovermale v. Immediate Credit, Inc.*, U.S. District Court, D.N.J. Case No. 1:15-cv-05646-JS; *Weiss v. The Law Offices of Frederic I Weinberg & Associates, P.C., et al.*, U.S. District Court, D.N.J. Case No. 1:16-cv-01679-KMW; *Vandehey v. Allianceone Receivables Management, Inc.*, U.S. District Court, E.D. Wis. Case No. 1:18-cv-00481-WCG; *Long v. Michael C. Koehn*, U.S. District Court, E.D. Wis. Case No. 1:18-cv-00943-WCG; *Aronne v. Credit Control LLC*, U.S. District Court, E.D.N.Y. Case No. 2:18-cv-03744-ADS-AYS; *Sandri v. Asset Recovery Solutions LLC*, U.S. District Court, E.D. Wis. Case No. 1:18-cv-01182-WCG; *Henhaffer v. Simeone & Raynor LLC*, N.J. Superior Court, Docket No. CAM-L-001620-18; *Vandehey v. Client Services, Inc.* U.S. District Court, E.D. Wis. Case No. 1:18-cv-01669-WCG; *Panico v. Portfolio Recovery Associates LLC*, N.J. Superior Court, Docket No. SOM-L-001183-18; *Oh, et al. v. Cavalry Portfolio SPV I, LLC, et al.*, D.N.J. Case No. 2:16-cv-05127-MF (Lead); *Garcia v. Allied Interstate LLC, et al.*, W.D. Tex. Case No. 5:15-cv-00294-RCL; *Nagan v. Optio Solutions LLC d/b/a Qualia Collection Services*, E.D. Wis. Case No. 1:19-cv-00170-WCG; *Cole v. Menn Law Firm, Ltd.*, E.D. Wis. Case No. 1:19-cv-00527-WCG; *Heredia v. Capital Management Services, L.P.*, E.D. Wis. Case No. 1:17-cv-00248-WCG; and *Filgueiras v. Portfolio Recovery Associates LLC*, N.J. Superior Court, Docket No. ESX-L-006277-18.

Since 2009, I have been a member in good standing of the National Association of Consumer Advocates ("NACA"), a non-profit association of attorneys and consumer advocates committed to representing consumers' interests. I regularly attend conferences and symposiums conducted by NACA and the National Consumer Law Center covering a variety of Continuing Legal Education topics, including, but not limited to, the Fair Debt Collection Practices Act, Truth In Lending Act, Real Estate Settlement Procedures Act, Telephone Consumer Protection Act, and various other federal and state consumer protection statutes, professional responsibility, and class action litigation involving consumer protection statutes. I have also been a presenter for

Continuing Legal Education programs on issues related to consumer debt collection.

I was also appointed by the United States Bankruptcy Trustee to serve on the Official Committee of Unsecured Creditors (the "Committee") in the following consolidated Chapter 11 cases filed by publicly traded companies: *In re Pernix Sleep, Inc., et al.*, District of Delaware (Case No. 19-10323) [I was elected Chairman of the Committee]; and *In re SquareTwo Financial Services Corporation*; Southern District of New York (Case No. 17-10659 jlg).

Some notable court decisions my firm and I have obtained for our clients include: *Steffek v. Client Servs.*, 948 F.3d 761 (7th Cir. 2020); *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811 (7th Cir. 2019); *Panico v. Portfolio Recovery Assocs.*, LLC, 879 F.3d 56 (3d Cir. 2018); *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274 (3d Cir. 2018); *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362 (7th Cir. 2018); *Bock v. Pressler & Pressler, LLP*, 254 F. Supp. 3d 724 (D.N.J. 2017); *Avila v. Riexinger & Assocs.*, 817 F.3d 72 (2d Cir. 2016); *Franco v. Allied Interstate LLC*, 718 F. App'x 1 (2d Cir. 2018); and *Franco v. Allied Interstate LLC*, 602 Fed. Appx. 40 (2d Cir. 2015).

4.  **Philip D. Stern** graduated from the University of Pennsylvania in May 1981 with a Bachelor of Arts degree majoring in policy sciences. Following his undergraduate education, he attended the Benjamin N. Cardozo School of Law from which he received a Juris Doctor in 1984. His law school studies included Trial Advocacy under Professor Barry Scheck, as well as Constitutional Litigation under the late Professor Telford Taylor.

Mr. Stern took the New Jersey Bar Examination in the summer of 1984 and was sworn in on December 10, 1984. He was subsequently admitted to the District of Columbia, the United States Courts of Appeals for the Second, Third, Fifth, Sixth, Seventh, and Ninth Circuits, and the United States District Courts for the Western District of New York, Southern and Western Districts of Texas, and the Eastern and Western Districts of Wisconsin.

From September 1984 through January 1995, he worked for two law firms focusing on business-oriented litigation, including employment, environmental, land use, non-consumer collections and matters involving the enforcement of contracts. At the latter of those two firms, Stern, Dubrow & Marcus, P.C., he worked closely with Morris Stern, the late Bankruptcy Judge in the District of New Jersey. Despite common last names, Judge Stern and Mr. Stern have no familial relationship. Much of Mr. Stern's work involved pleadings, motions, trials and appeals.

In February 1995, Mr. Stern went into solo practice and in January 2007, he became counsel to Wacks & Hartmann, LLC, Morristown, New Jersey. In January 2009, he returned to his solo practice until July 1, 2015, when Stern•Thomasson LLP was formed.

In 1994, Mr. Stern taught Appellate Advocacy as an adjunct professor at Seton Hall Law School and, since October 2011, he has taught two CLE classes each year offered through Legal Services of New Jersey relating to debt collection and the Fair Debt Collection Practices Act. He also presented at the 2012 Advanced Fair Debt Collection Practices Conference sponsored by the National Consumer Law Center.

Mr. Stern has tried numerous bench and jury trials and has handled several appeals before the New Jersey Appellate Division as well as before the Second, Third, Seventh, and Ninth U.S. Circuit Courts of Appeals. Many of the non-consumer cases he handled involved complex litigation in both state and federal court involving sophisticated commercial real estate financing, large-scale construction disputes, title insurance claims, bankruptcy, and zoning.

Mr. Stern is experienced in cases involving complex litigation including claims arising under the FDCPA and the pursuit of those claims in class action cases. He has been certified as class counsel in the following matters: *Anderson v. Rubin & Rothman, LLC*, Case 2:07-cv-03375 (E.D.N.Y., Hon. Sandra J. Feuerstein); *Anderson v. Nationwide Credit, Inc.*, Case 2:08-cv-01016 (E.D.N.Y., Hon. Leonard D. Wexler); *Gravina v. Client Services, Inc.*, Case 2:08-cv-03634,

(E.D.N.Y., Hon. Leonard D. Wexler); *Seraji v. Capital Management Services, LP*, Case 1:09-cv-00767 (D.N.J., Hon. Douglas Arpert); *Krug v. Forster, Garbus & Garbus*, Case 2:08-cv-03504 (D.N.J., Hon Michael A. Shipp); *Williams v. Palisades Collection, LLC*, Docket BER-L-001604-11 (N.J.Super., Hon. Robert C. Wilson); *Krug v. Brachfeld*, Docket GLO-000419-11 (N.J.Super., Hon.Eugene J. McCaffrey, Jr.); *Nicholas v. CMRE Financial Services, Inc.*, Docket BER-L-4336-11 (N.J.Super., John J. Langan, Jr.); *Krug v. Focus Receivables Management, LLC*, Docket BER-L-4337-11 (N.J.Super., John J. Langan, Jr.); *Thomas Williams v. The CBE Group, Inc.*, Case 2:11-cv-03680-PS (D.N.J., Hon Patty Shwartz); *Natalie A. Williams v. Pressler and Pressler, LLP*, Case 2:11-cv-07296-KSH-CLW (D.N.J., Hon. Katharine S. Hayden); *Weissman v. Gutworth,* Case 2:14-cv-00666-WHW-CLW (D.N.J., Hon. William H. Walls); *Irizarry v. Member Solutions, Inc., et al.*, Case 2:14-cv-00628-MCA-MAH (D.N.J., Hon. Madeline C. Arleo); *Mansor v. Seas & Associates, LLC*, Case 2:14-cv-02935-SCM  (D.N.J., Hon. Steven C. Mannion); *Jones v. Delta Management Associates, Inc.*, Case 1:15-cv-00267-WCG (E.D. Wis., Hon. William C. Griesbach); *Zavian v. Client Services, Inc.*, Case 2:15-cv-0682-SCM (D.N.J., Hon. Steven M. Mannion); *Maldonado, et al. v. Raymond Meisenbacher & Sons, Esqs., P.C., et al.*, Case 3:15-cv-01845-DEA (D.N.J., Hon. Douglas E. Arpert); *Wood v. New Century Financial Services, Inc.*, Docket MRS-L-002679-15 (N.J.Super., David H. Ironson); *Prendergast v. Certified Credit & Collection Bureau*, Case 3:15-cv-07411-TJB (D.N.J., Hon. Tonianne J. Bongiovanni); *Kielbasinski v. A.R. Resources, Inc.*,  Case 3:15-cv-00066-KRG (W.D. Pa., Hon. Kim R. Gibson); *Rittle v. Premium Receivables, LLC*, Case 1:15-cv-00166-SHR (M.D. Pa., Hon. Sylvia H. Rambo); and *Specht v. Eastern Account System of Connecticut, Inc.*, Case 7:15-cv-02159-PED (S.D.N.Y., Hon. Paul E. Davison); *Gadime v. NRA Group, LLC*, Case No. 2:15-cv-04841-SJF-AKT (E.D.N.Y., Hon. Sandra J. Feuerstein); *Maldonado, et al. v. Nelson, Watson & Associates, et al.*, Case 2:15-cv-05940-MAH (D.N.J., Hon. Michael A. Hammer); *Sandoval v.*

*LVNV Funding LLC, et al.*, Case 2:15-cv-06728-KM-MAH (D.N.J., Hon. Kevin McNulty);

*Chung v. CCB Credit Services, Inc.*, Case 2:15-cv-05198-KM-MAH (D.N.J., Hon. Kevin

McNulty); *Wood v. Credit Control, LLC*, Case 6:16-cv-01098-KGG (D.Kan., Hon. Kenneth G.

Gale); *Feliciano, et al. v. Forster, Garbus & Garbus*, Case 2:15-cv-02496-CLW (D.N.J., Hon.

Cathy L. Waldor); *Maldonado, et al. v. Law Offices of Faloni & Associates, LLC*, Case 2:15-cv-

02859-CLW (D.N.J., Hon. Cathy L. Waldor); *Dickon v. Rubin & Rothman, LLC*, Case 2:15-cv-

7961-SCM (D.N.J., Hon. Steven M. Mannion); *Bell v. Adler Wallach & Associates, Inc., et al.*,

Case 5:16-cv-00366-OLG (W.D. Tex., Hon. Orlando L. Garcia); *Thomas v. ARS National

Services, Inc.*, Case 2:15-cv-03635-JAD (D.N.J., Hon. Joseph A. Dickson); *Ballaj v. Gatestone

& Co. International, Inc*., Case 2:16-cv-01311-CLW (D.N.J., Hon. Cathy L. Waldor); *Bordeaux

v. Ltd. Fin. Servs., L.P., et al.*, Case 2:16-cv-00243-KSH-CLW (D.N.J., Hon. Katherine S.

Hayden); *Safranski v. Professional Placement Services, LLC*, Case 1:17-cv-00129-WCG (E.D.

Wis., Hon. William C. Griesbach); *Smith v. Simm Associates, Inc.*, Case 1:17-cv-00769-WCG

(E.D. Wis., Hon. William C. Griesbach); *Heerema v. AFNI, Inc.*, Case 2:16-cv-00244-JBC

(D.N.J., Hon. James B. Clark III); *Heerema, et al. v. Collecto, Inc. et al.*, Case 2:16-cv-02087-

MF (D.N.J., Hon. Mark Falk); *Volkman v. Enhanced Recovery Company, LLC d/b/a ERC*, Case

1:18-cv-00091-WCG (E.D. Wis., Hon. William C. Griesbach); *Medicine to Go Pharmacies, Inc.

v. Macoven Pharmaceuticals LLC, et al*., Case 2:16-cv-07717-MF (D.N.J., Hon. Mark Falk);

*Hovermale v. Immediate Credit, Inc.*, Case 1:15-cv-05646-RBK-JS (D.N.J., Hon. Robert B.

Kugler); *Weiss v. The Law Offices of Frederic I Weinberg & Associates, P.C., et al.*, Case 1:16-

cv-01679-KMW (D.N.J., Hon. Karen M. Williams); *Vandehey v. Allianceone Receivables

Management, Inc.*, Case 1:18-cv-00481-WCG (E.D. Wis., Hon. William C. Griesbach); *Long v.

Michael C. Koehn*, Case 1:18-cv-00943-WCG (E.D. Wis., Hon. William C. Griesbach); *Aronne

v. Credit Control LLC*, Case 2:18-cv-03744-ADS-AYS (E.D.N.Y, Hon. Arthur D. Spatt); and

*Sandri v. Asset Recovery Solutions LLC*, Case 1:18-cv-01182-WCG (E.D. Wis., Hon. William C. Griesbach); *Henhaffer v. Simeone & Raynor LLC*, N.J., Docket CAM-L-001620-18 (N.J.Super., Hon. Steven J. Polansky); *Vandehey v. Client Services, Inc*. Case 1:18-cv-01669-WCG (E.D. Wis., Hon. William C. Griesbach); *Panico v. Portfolio Recovery Associates LLC*, Docket No. SOM-L- 001183-18 (N.J.Super., Yolanda Ciccone); *Oh, et al. v. Cavalry Portfolio SPV I, LLC, et al.*, Case 2:16-cv-05127-MF (Lead) (D.N.J., Hon. Mark Falk); *Hovermale v. Immediate Credit Recovery, Inc.*, D.N.J. Case 1:15-cv-05646-JS (D.N.J., Hon. Joel Schneider); *Garcia v. Allied Interstate LLC, et al.*, W.D. Tex. Case No. 5:15-cv-00294-RCL (W.D. Tex., Hon. Royce C. Lamberth); *Nagan v. Optio Solutions LLC d/b/a Qualia Collection Services*, E.D. Wis. Case No. 1:19-cv-00170-WCG (E.D. Wis., Hon. William C. Griesbach); *Cole v. Menn Law Firm, Ltd*., Case 1:19-cv-00527-WCG (E.D. Wis., Hon. William C. Griesbach); *Heredia v. Capital Management Services, L.P*, Case 1:17-cv-00248-WCG (E.D. Wis., Hon. William C. Griesbach); and *Filgueiras v. Portfolio Recovery Associates LLC*, Docket No. ESX-L-006277-18 (N.J.Super., Keith Lynott).

Mr. Stern has never been the subject of an ethics complaint or sued on a malpractice claim. He has never been charged with violating Fed. R. Civ. P. 11 and, for as long as Martindale-Hubbell has rated him, he has had a rating of AV or, after its introduction, AV Preeminent—it's highest—with a peer rating of 5.0 out of 5.0.

Mr. Stern is a member of the New Jersey State Bar Association and Essex County Bar Association, a member of New Jersey State Bar's Consumer Protection Law Committee, and a member of the National Association of Consumer Advocates (currently co-chair of NACA-NJ).

Following the New Jersey Supreme Court's decision in *Balducci v. Cige*, 240 N.J. 574 (2020), Mr. Stern was appointed to the New Jersey Supreme Court's Ad Hoc Committee on Issues Relating to Retainer Fee Agreements

5.     **Francis R. Greene.** Mr. Greene is a graduate of Johns Hopkins University (B.A 1984), Rutgers University (Ph.D. 1991), and Northwestern University School of Law (J.D., 2000). He was admitted to practice law in the State of Illinois in 2000, the State of Wisconsin in 2018, and the State of New York in 2019. He is also admitted to practice law before the United States Courts of Appeal for the Second, Third, Fifth, Sixth, and Seventh Circuits, as well as the following United States District Courts: Northern, Central, and Southern Districts of Illinois; Northern District of Indiana; Southern and Western Districts of Texas; the Eastern District of Wisconsin; and the Eastern District of Wisconsin. He is a member of the Northern District of Illinois Trial Bar.

He has remained a member in good standing and his license to practice law has never been suspended or revoked by the States of Illinois, New York, and Wisconsin, or by any court. There are no disciplinary proceedings pending against him in any jurisdiction and no discipline has previously been imposed on him in any jurisdiction.

From May 2000 and continuing until June 2018, Mr. Greene was employed by the law firm of Edelman, Combs, Latturner & Goodwin, LLC in Chicago, Illinois, first as an associate and later as a member. In July 2018, Mr. Greene joined Stern Thomasson LLP. Mr. Greene is a member of the Chicago Bar Association, serving as the Chair of the Chicago Bar Association's Consumer Law Committee from 2011-2012 and Vice-Chair from 2010-11. Mr. Greene has also been a member of the National Association of Consumer Advocates since 2006.

Throughout his legal career Mr. Greene has been certified as class counsel dozens of times by various courts located throughout the United States in complex litigation involving state and federal consumer protection statutes including: *Roquet v. Arthur Anderson LLP*, 1:02-cv-2689 (N.D. Ill.); *Pleasant v. Risk Mgmt. Alternatives, Inc.*, 1:02-cv-6886 (N.D. Ill.); *Levin v. Kluever & Platt, LLC*, 1:03-cv-2160 (N.D. Ill.); *Redd v. Arrow Fin. Servs., LLC*, 1:03-cv-1341

(N.D. Ill.); *Davis v. Franks Gerkin McKenna, P.C.*, 3:03-cv-50286 (N.D. Ill.); *Murry v. Amer. Mortgage Banc, Inc.*, 1:03-cv-5811 (N.D. Ill.); *Omatto v. Arrow Fin. Servs., LLC*, 1:04-cv-917 (N.D. Ill.); *Karwo v. CitiMortgage, Inc.*, 1:04-cv-1944 (N.D. Ill.); *Fisher v. Asset Acceptance, LLC*, 1:04-cv-2585 (N.D. Ill.); *Browder v. Nat'l Fin. Systems, Inc.*, 1:05-cv-10464 (D. Mass.); *Hoyt v. Arrow Fin. Servs., LLC*, 1:05-cv-10560 (D. Mass.); *Ruth v. Triumph Partnerships LLC*, 3:06-cv-50042 (N.D. Ill.); *Simpson v. Arrow Fin. Servs., LLC*, 1:06-cv-1946 (N.D. Ill.); *Martin v. LTD Fin. Servs., L.P.*, 1:06-cv-3300 (N.D. Ill.); *Wahl v. First Resolution Investment Corp.*, 1:06-cv-7047 (N.D. Ill.); *Foster v. Velocity Investments, LLC*, 1:07-cv-824 (N.D. Ill.); *Wilhelm v. Allied Interstate, Inc.*, 1:07-cv-1497 (N.D. Ill.); *Anama v. AFNI, Inc.*, 1-07-cv-4251 (N.D. Ill.); *Martin v. Cavalry Portfolio Servs., LLC*, 1:07-cv-4745 (N.D. Ill.); *Buford v. Palisades Collection, LLC*, 1:07-cv-4974 (N.D. Ill.); *Bibb v. Friedman & Wexler, LLC*, 2:07-cv-2173 (C.D. Ill.); *Trempe v. HBLC, Inc.*, 1:07-cv-5495 (N.D. Ill.); *Weinstein v. Asset Acceptance, LLC*, 1:07-cv-5967 (N.D. Ill.); *Urbaniak v. Credigy Receivables, Inc.*, 1:07-cv-6326 (N.D. Ill.); *O'Rourke v. Palisades Acquisition XVI, LLC*, 1:08-cv-0430 (N.D. Ill.); *Urbaniak v. Asset Acceptance, LLC*, 1:08-cv-0551 (N.D. Ill.); *Marshall-Mosby-Blitt and Gaines, P.C.*, 1:08-cv-0758 (N.D. Ill.); *Duhadway v. Credigy Receivables, Inc.*, 1:08-cv-0852 (N.D. Ill.); *Hale v. AFNI, Inc.*, 1:08-cv-3918 (N.D. Ill.); *Richard v. West Asset Mgmt., Inc.*, 1:09-cv-3864 (N.D. Ill.); *Young v. Unifund CCR Partners*, 1:09-cv-4206 (N.D. Ill.); *Phillips v. Asset Acceptance, LLC*, 1:09-cv-7993 (N.D. Ill.); *Wysocki v. City Nat. Bank et al.*, 1:10-cv-3850 (N.D. Ill.); *Cotton v. Nat'l Action Fin. Servs., Inc.*, 1:10-cv-4709 (N.D. Ill.); *Colello v. Franklin Collection Serv., Inc.*, 1:10-cv-6229 (N.D. Ill.); *Pawelczak v. Bureau of Collection Recovery, LLC*, 1:11-cv-1415 (N.D. Ill.); *Pawelczak v. Fin. Recovery Servs., Inc.*, 1:11-cv-2214 (N.D. Ill.); *Moorehead v. Franklin Collection Serv., Inc.*, 1:11-cv-5936 (N.D. Ill.); *Janetos v. Fulton Friedman & Gullace, LLP*, 1:12-cv-2128 (N.D. Ill.); *Wilfong v. Nat'l Capital Mgmt., LLC*, 1:12-cv-2979 (N.D. Ill.); *In re: Enhanced Recovery*

*Co., LLC, Telephone Consumer Protection Act Litigation*, 6:13-md-2398-Orl-37GJK (M.D. Fla.); *Miller v. Nat'l Enterprise Systems, Inc.*, 1:13-cv-1720 (N.D. Ill.); *Jones v. Delta Management Assocs., Inc.*, 1:15-cv-00267-WCG (E.D. Wis.); *Hayes v. Convergent Healthcare Recoveries, Inc.*, 1:14-cv-1467 (C.D. Ill.); *McCarry v. Law Offices of Gabriel B. Antman, P.C.*, 1:15-cv-8275 (N.D. Ill.); *Wood v. Credit Control, LLC*, 6:16-cv-1098 (D. Kan.); *Smith v. Simm Associates, Inc.*, 1:17-cv-00769-WCG (E.D. Wis.); *Steffek, et al. v. Client Services, Inc*. U.S. District Court, 1:18-cv-00160-WCG (E.D. Wis.); *Volkman v. Enhanced Recovery Company, LLC d/b/a ERC*, 1:18-cv-00091-WCG (E.D. Wis.); *Vandehey v. Allianceone Receivables Management, Inc.*, 1:18-cv-00481-WCG (E.D. Wis.); *Long v. Michael C. Koehn*, 1:18-cv-00943-WCG (E.D. Wis.); *Sandri v. Asset Recovery Solutions LLC* 1:18-cv-01182-WCG (E.D. Wis.); *Vandehey v. Client Services, Inc*. 1:18-cv-01669-WCG (E.D. Wis.); *Nagan v. Optio Solutions LLC d/b/a Qualia Collection Services*, 1:19-cv-00170-WCG (E.D. Wis.); *Cole v. Menn Law Firm, Ltd.*, 1:19-cv-00527-WCG (E.D. Wis.); and *Heredia v. Capital Management Services, L.P*, Case 1:17-cv-00248-WCG (E.D. Wis., Hon. William C. Griesbach).

Mr. Greene has also obtain dozens of favorable reported decisions from various federal District and Circuit Courts including, but not limited to, *Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Soppet v. Enhanced Recovery Co.,* 679 F.3d 637 (7th Cir. 2012); *Ruth v. Triumph Partnerships*, 577 F.3d 790 (7th Cir. 2009); *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760 (7th Cir. 2006); *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222 Ill.2d 218, 856 N.E.2d 389 (2006); *Johnson v. Thomas*, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); *Hale v. Afni, Inc.*, 08 C 3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D. Ill. Jan. 26, 2010); *Parkis v. Arrow Fin Servs.*, 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill. Jan. 8, 2008); *Foster v. Velocity Investments*, 07 C 824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302

(N.D. Ill. Aug. 24, 2007); *Foreman v. PRA III, LLC*, 05 C 3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. March 5, 2007); *Schutz v. Arrow Fin. Services*, 465 F. Supp. 2d 872 (N.D. Ill. 2006); *Pleasant v. Risk Management Alternatives*, 02 C 6886, 2003 WL 22175390 (N.D. Ill. Sept. 19, 2003).

6.      **Katelyn B. Busby**. Mrs. Busby graduated from the University of Arkansas in May 2011 with a B.S.B.A. in Marketing Management, cum laude. Following her undergraduate education, she attended the William H. Bowen School of Law from which she received a Juris Doctorate, cum laude, in May 2014. She was admitted to practice law in the State of Arkansas the same year. She is also admitted to practice law before the United States Courts of Appeal for the Eighth and Seventh Circuits, as well as the following United States District Courts: Eastern and Western Districts of Arkansas, Eastern District of Wisconsin, Southern District of Texas. Additionally, Mrs. Busby is admitted to practice law before the United States Bankruptcy Courts for the Eastern and Western Districts of Arkansas.

She has always remained a member in good standing and her license to practice has never been suspended or revoked by any court. There are no disciplinary proceedings pending against Mrs. Busby in any jurisdiction and discipline has never been imposed on her in any jurisdiction. She has never been sued for malpractice or charged with violating Fed. R. Civ. P. 11.

From September 2014 and continuing until August 2015, Mrs. Busby was employed by the State of Arkansas as a Public Defender for Pulaski County, Arkansas. In August 2015, Mrs. Busby moved to Drew County, Arkansas and became an associate of the Hashem Law Firm. From June 2018 until November 2019, Mrs. Busby was employed as an Attorney Specialist with the State of Arkansas, Office of Child Support Enforcement. In November 2019, Mrs. Busby joined Stern Thomasson LLP. Mrs. Busby is a member of the Arkansas Bar Association, serving

as the Delegate for District C-09 from 2016 to 2018. Mrs. Busby has also been a member of the National Association of Consumer Advocates since 2019.

Mrs. Busby was certified as class counsel in *Cole v. Menn Law Firm, Ltd.*, E.D. Wis. Case No. 1:19-cv-00527-WCG

*    *    *

7.      Stern•Thomasson LLP regularly litigates class action lawsuits throughout the United States where it has been retained to represent plaintiffs. Many of those cases have either been resolved on a class basis and are awaiting preliminary approval, or have fully briefed contested motions for class certification and await a court's ruling. Our law firm has several favorable decisions from various United States District Courts and Appeals Courts.

8.      Stern•Thomasson LLP has the financial and other resources to see this case through to its conclusion. Indeed, since the outset of this litigation, my law firm has devoted, and continues to devote, significant time, money, and other resources to pursuing the Plaintiff's individual and class claims.

### Facts Regarding Reaction to Settlement, Fees & Costs

9.      In the notice sent to Class Members they were advised they had the right to exclude themselves from, or object to, the Settlement provided they put their request in writing to the Administrator and the Court. To date, my office has not received any objections to, or requests for exclusions from, the Settlement.

10.     Additionally, my office has not received any objection from the Wisconsin Attorney General or United States Attorney General both of whom Defendant provided the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) ("CAFA"). [Doc. 69]. In my professional opinion, I believe the lack of objections by the Attorneys General (or any Class Member) strongly evinces the high quality and value of the Settlement and supports final

approval particularly given that these Attorneys General are charged with the responsibility of protecting consumers within their states/nation and regulating debt collection companies.

11.    Fed. R. Civ. P. 23(h) provides, in part, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." I submit that such fees and costs are authorized by both law (*See*, 15 U.S.C. § 1682k(a)(3)) and the Parties' agreement, which provides in relevant as follows:

> In connection with Plaintiff's Counsel's application for approval of attorney's fees and costs, the Parties stipulate that, if the Court grants the Final Order, then the Litigation is a "successful action" within the meaning of 15 U.S.C. § 1692k(a)(3) notwithstanding that CMS does not admit to liability. As such, and subject to court approval, CMS agrees Class Counsel shall be entitled to receive $85,000.00, which covers all fees and all expenses arising out of the Litigation. The award of fees, costs, and expenses to Class Counsel shall be in addition to, and shall not in any way reduce, the settlement amounts provided to Class Members. [Doc. 65-1, ¶12].

12.    The foregoing agreement regarding fees and costs was not reached until *after* the Parties first resolved all other Settlement terms. Additionally, aside from the Settlement, there is no other agreement or understanding between the Parties or their respective counsel.

13.    The total number of hours spent on this litigation by Stern•Thomasson LLP through June 22, 2020, is 191.35. The total lodestar for attorney/paralegal time based on my Firm's current rates is $109,861.25. The hourly rates shown below are the usual and customary rates charged for everyone in our cases. A breakdown of my Firm's lodestar is as follows:

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Andrew T. Thomasson | A | 104.05 | $525.00 | $ 54,626.25 |
| Francis R. Greene | A | 23.20 | $575.00 | $13,340.00 |
| Philip D. Stern | A | 55.60 | $700.00 | $38,920.00 |
| Kaitlyn B. Busby | A | 8.50 | $400.00 | $2,975.00 |
| TOTAL | | 191.35 | | $109,861.25 |

(A) Attorney  (P) Paralegal

14.     My Firm also incurred a total of $2,495.62 in unreimbursed expenses in connection with its prosecution of this litigation. Those expenses are broken down as follows:

| DISBURSEMENT | TOTAL |
|---|---|
| Filing Fees | $400.00 |
| Postage and Courier/Delivery | $36.60 |
| Process Serving Fees | $65.00 |
| Printing & Copying | 1,994.02 |
| Travel | n/c |
| **TOTAL** | **$2,495.62** |

15.     The expenses incurred pertaining to this case are reflected in the books and records of Stern•Thomasson LLP. These books and records are prepared from expense vouchers, firm policies, and check records and are an accurate record of the expenses incurred.

16.     The total amount of fees and expenses incurred by Stern•Thomasson LLP are appropriate and reasonable when considering Stern•Thomasson LLP has expended significant time: communicating with the Plaintiff and opposing counsel (verbally and in writing); conducting an investigation of the Defendant, which included the Plaintiff's factual and legal claims, Defendant's finances, and its prior and pending litigation including potential conflicting class claims; conducting legal research regarding liability and class certification; litigating dispositive motions at the district court, and then successfully litigating an appeal (including oral argument) before the Seventh Circuit; preparing written discovery; drafting motions and other pleadings; attending court conferences; developing, negotiating, and drafting all settlement documents, including the Agreement and all of its exhibits; researching and drafting Motions for Preliminary and Final Approval of the Class Settlement Agreement and their supporting documents; drafting the class notice, and responding to class members' telephone communications, communicating with the Administrator regarding status reports, and the like.

17.     Of course, there is still more work to come, such as, preparation for and attendance at the fairness hearing and all the attendant work that will follow that hearing, including distribution to Class Members and their continued inquiries. All, as discussed *infra*, with no promise of or guarantee of ever being reimbursed for the time or money my firm has expended on behalf of Plaintiff and the Settlement Class.

18.     Most of my firm's practice is contingent fee litigation on behalf of plaintiffs. We regularly represent plaintiffs in contingent fee cases in federal court in this District and various other District Courts located throughout the United States of America. We frequently work with other plaintiff's lawyers who also handle cases on a contingent fee basis and, in that regard, I am generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

19.     Regarding my firm's hourly rates, I understand that my rate where we work is appropriate. *See, Weyker v. Quiles*, No. 14-CV-782-PP, 2015 WL 5177970, at *2 (E.D. Wis. Sept. 4, 2015) quoting *Chrapliwy v. Uniroyal, Inc*., 670 F.2d 760, 768 (7th Cir. 1982) *cert. denied*, 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983); *see also, Copeland v. Marshall*, 205 U.S. App. D.C. 390, 641 F.2d 880, 890 and 892 (D.C. Cir. 1980) (en banc) citing *Chrapliwy, supra*, ("it is not surprising that the Seventh Circuit concluded that it could be appropriate to award higher fees to those from outside the community [] and we have found no case suggesting the contrary.") As noted *supra*, my firm seeks the following hourly rates: Mr. Stern at $700.00 Mr. Greene at $575.00, Ms. Busby at $400.00, and my rate at $525.00. Our foregoing rates have been approved in multiple Districts, including by this Court.

20.     Notably here, my firm has an office in the District of New Jersey and this District. This Court recently approved the foregoing rates for Messrs. Stern and Greene, and me in *Cole v. Menn Law Firm, Ltd.*, E.D. Wis. Case No. 1:19-cv-00527-WCG; in 2019, mine and Mr. Stern's requested hourly rates were approved in New Jersey. *See, e.g., Oh, et al. v. Cavalry Portfolio*

*SPV I, LLC, et al.*, D.N.J. Case No. 2:16-cv-05127-MF (Lead); *Panico v. Portfolio Recovery LLC* (N.J. Super., Docket No. SOM-L-001183-18); and January 2020 they were approved in the Western District of Texas (San Antonio) by the Honorable Royce C. Lamberth in *Garcia v. Allied Interstate LLC, et al.*, W.D. Tex. Case No. 5:15-cv-00294-RCL.

21. Prior to that, Mr. Stern's, Mr. Greene's, and my respective hourly rates of $675.00, $575.00 and $475.00 rates have consistently been approved by this Court and others for the past three years and we have not until recently sought a modest increase of our court-approved rates until July 2019 which is what we now customarily charge our paying clients. Those hourly rates and are fair, reasonable, and consistent with rates in this District, New Jersey, Texas, and other courts throughout the United States based upon our knowledge and experience and considering the risks inherent in bringing and prosecuting cases such as this one.

22. Regarding Ms. Busby's requested hourly rate of $400.00, I note her credentials above and that she has been an actively practicing attorney for six years. In 2016, when I had been practicing for three years, this Court approved my hourly $400.00 requested hourly rate in *Jones v. Delta Management Associates, Inc.*, Case No. 1:15-cv-00267-WCG (E.D. Wis. Feb. 11, 2016) (Doc. 49 at ¶¶11-12; Doc. 53 at ¶7.C) and in 2018 approved my $475 rate in *Safranski v. Professional Placement Services, LLC*, Case No. 1:17-cv-00129-WCG, and in multiple cases in 2019 such as *Wakefield v. Financial Recoveries, Inc. d/b/a Oshkosh Collection & Recovery*, Case No. 1:18-cv-00173-WCG (E.D. Wis. Feb. 7, 2019) (Doc. 34) and *Vandehey v. Allianceone Receivables Management, Inc.*, Case No. 1:18-cv-00481-WCG.

23. The hourly rates set forth above for my firm are also the same as the regular current rates we charge for services in other contingent matters in class action litigation and are also consistent with fees charged to my firm's hourly paying clients. We annually adjust our Firm's hourly rates to account for inflation and increasing experience and they are consistent

with the rates charged by attorneys of comparable experience and expertise in the various District Courts where we have appeared for class action litigation.

24.     The hourly rates for my firm include many factors beyond personal compensation, including non-billed office personnel, equipment, insurance, research materials, office supplies, other overhead expenses, and forbearance of other cases. Consumer litigation inevitably involves suing large corporations, which have the capacity to bring enormous resources to bear that individual consumers are unable to meet on their own. In this case, Class Counsel have worked for nearly a year without compensation. If plaintiffs' attorneys are not compensated at rates that allow them to maintain technological, intellectual, and professional resources to match corporate defendants' resources, consumers will be unable to find qualified counsel to represent them. Few attorneys have the means, ability, or desire to take these cases, and if those that do so are not compensated at a rate which allows them the chance of prevailing on behalf of consumers, these cases will never be brought; and the remedial purpose of this legislation will fail.

25.     The average consumer simply does not have funds to litigate this type of case. Therefore, in further justification of our fees, I note that my firm takes all such cases on a contingency fee basis, advances all litigation costs, and does not charge consumers anything up front. If the case is lost, we simply do not get paid.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

|  | *s/Andrew T. Thomasson* |
|---|---|
| Dated: June 22, 2020 | *Andrew T. Thomasson* |

Andrew T. Thomasson (NJ Bar # 048362011)
*Attorney for Plaintiff, Mabel L. Heredia and the Certified Class*
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Telephone: (973) 379-7500
E-mail: Andrew@SternThomasson.com